**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA WEIRICK,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>　　　　　Defendant-Appellee. | No.　19-15029<br><br>D.C. No. 2:17-cv-03817-JAT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted August 10, 2020
San Francisco, California

Before:  CHRISTEN and OWENS, Circuit Judges, and BATAILLON,[**] Senior
District Judge.

Linda Weirick appeals the decision of the district court affirming the

Commissioner of Social Security's denial of her application for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  As the parties

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The Honorable Joseph F. Bataillon, Senior United States Senior District Judge for the District of Nebraska, sitting by designation.

are familiar with the facts, we do not recount them at length here. We reverse and remand for an award of benefits.

Linda Weirick alleges disability by reason of constant back and pelvic pain and urinary incontinence. After a hearing, the ALJ found Weirick had severe impairments of genitourinary disorder and spine disorder and could not return to her former job but had the residual functional capacity (RFC) to perform a range of light work that exists in the national economy. In making that finding, the ALJ credited the testimony of a consulting examiner over that of Weirick's treating physicians and discounted Weirick's subjective complaints. Weirick appealed and the district court affirmed the agency decision.

We review the district court's order *de novo*, and, like the district court, we review the Commissioner's final decision for substantial evidence. *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

1. The ALJ failed to properly credit the opinions of Weirick's treating physicians. The law is clear in this circuit that the ALJ must defer to a treating doctor's opinion, even if controverted by another doctor, unless the ALJ makes findings setting forth specific, legitimate reasons based on substantial evidence in

the record for rejecting the opinions. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). A treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record is to be given controlling weight. *Garrison v. Colvin*, 759 F.3d 995, 1012 n.10 (9th Cir. 2014).

Here, the ALJ discredited the treating physicians' opinions in part because they were too extreme in light of the objective medical evidence and the consulting examiner's opinion. The clinical signs and objective medical evidence in the record fully support the treating physicians' conclusions and substantiate Weirick's symptoms of severe back and pelvic pain, fatigue, and incontinence. The record contains MRI imaging showing disc bulges, facet arthropathy, degenerative changes, and nerve root compression; records of physical examinations involving palpable tenderness, observations of antalgic gait and difficult mobility; and clinical records of complications from failed pelvic mesh surgery, pelvic edema, radiating pain, and co-morbid fibromyalgia. The opinion of the consulting examiner does not effectively counter the treating physicians' findings.

2. The ALJ erred in determining Weirick's RFC. The ALJ found Weirick would be off task for no more than 5% of a workday and did not include likely absences as a limitation. In determining a claimant's RFC, the ALJ "must consider a claimant's physical and mental abilities," "as well as the total limiting effects

caused by medically determinable impairments and the claimant's subjective experiences of pain." *Garrison*, 759 F.3d at 1011.

Both of Weirick's treating physicians stated she would be "off-task" for more than 10% of the workday and would be absent more than six days per month. The treating physicians' opinions as to those limitations are consistent with objective medical evidence and should have been credited by the ALJ. The vocational expert testified that a person with those limitations would be precluded from competitive employment.

3. The ALJ erred in rejecting Weirick's subjective testimony about the severity of her symptoms. The ALJ discounted Weirick's testimony, finding that her daily activities—grocery shopping, driving short distances, attending church, preparing meals, visiting with family, reading books, watching television, feeding pets, doing her own laundry, and caring for her grooming—were not consistent with disabling pain and fatigue and also because Weirick achieved some level of relief from medication.

"When an Administrative Law Judge (ALJ) determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons

19-15029

for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015). We have "'repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.'" *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to a work setting to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, the ALJ did not find malingering and, as discussed above, the record contains objective medical evidence of underlying impairments that reasonably could be expected to produce Weirick's pain and other symptoms. The ALJ did not make specific findings on Weirick's daily activities and transferability to a work setting, and did not explain how Weirick's activities were inconsistent with her testimony that she suffers from near-constant pain, is incontinent, needs to visit the bathroom often, and needs to lie down or nap several times a day. Also, there is scant evidence that Weirick's pain medications could achieve a degree of pain control that would enable her to engage in sustained full-time work at a low level of absenteeism and a high level of on-task behavior. Weirick regularly and consistently sought treatment for complaints of disabling pain, in spite of her use of narcotic pain medications. The ALJ also failed to consider the effects of narcotic pain medication

19-15029

on Weirick's concentration and ability to focus.

4. We remand for the calculation and award of benefits. "The record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison*, 759 F.3d at 1020. The ALJ "failed to provide legally sufficient reasons for rejecting" the treating physicians' opinions and the claimant's testimony. *Id*. The vocational expert's testimony establishes that if the improperly discredited opinions of the treating physicians were credited as true, there would be no jobs in the national economy that she could perform and "the ALJ would be required to find the claimant disabled on remand." *Id*. Because we find that the record as a whole does not create any "serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act[,]" a remand for an award of benefits is the appropriate remedy. *Id*. at 1021.

**REVERSED and REMANDED** with instructions to remand to the ALJ for calculation and award of benefits.

19-15029